UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS A. BRUBAKER, BY HIS GUARDIAN,
KATHY M. BRUBAKER,

       Plaintiff,            Case No. 07-14488

vs.                            DISTRICT JUDGE GEORGE CARAM STEEH
                                 MAGISTRATE JUDGE STEVEN D. PEPE

ENCOMPASS PROPERTY AND CASUALTY
COMPANY,

       Defendant.
=============================/

## ORDER REGARDING DEFENDANT'S LOG OF PRIVILEGED DOCUMENTS

On February 15, 2008, Defendant filed its Log of Privileged Documents, which Plaintiff objected to on March 30, 2008 (Dkt. #16). All discovery motions, including those documents submitted for *in camera* review, were referred on March 13, 2008 (Dkt. #15). On May 13, 2008, a hearing was held regarding Defendant's Log of Privileged Documents. For the reasons stated on the record and indicated below, it is **ORDERED** that:

1. Defendant shall supplement its privilege log, on or before May 29, 2008, in accordance with the following standards. For each document, the privilege log should identify:

    i.     The author(s) and all recipients, along with their capacities/roles/positions.
    ii.    The nature of the privileged asserted.
    iii.   The subject matter, date produced, length and type of the document.
    iv.    The purpose of the document.
    v.     Why the document is immune from discovery and is believed to be privileged.

These categories, especially the last, must be sufficiently detailed to allow the court to

determine whether the discovery opponent has discharged its burden of establishing the privilege. There also must be enough detail to allow opposing counsel to intelligently argue that the privilege does not exist. While all this detail may be burdensome, it will provide a more accurate evaluation of a discovery opponent's claims and will take into account that there are no presumptions operating in the discovery opponent's favor.

The following examples (which are non-exhaustive) are insufficient to establish privilege: "letter re claim"; "analysis of claim"; "report in anticipation of litigation."[1]

2. Plaintiff also indicated that there were two sets of partially redacted documents that had not been submitted for *in camera* review. The first set of documents in entitled "File History Report" and is numbered pages 1-45. Page 1 is partially redacted. The second set of documents is not captioned; however, Plaintiff assumes that it is a continuation of the "File History Report" and is numbered pages 25-117. Pages 1-24 are missing, and pages 30, 41, and 94 are partially redacted. Defense counsel indicated that he would forward the missing pages to the undersigned for an *in camera* review, and would highlight in yellow or blue the redactions as indicated above. The redactions and missing pages shall be disclosed in the amended privilege log.

3. At the hearing, it was also noted that certain records were missing from Rainbow Rehabilitation Center, and were not disclosed in the privilege log (pgs. 60-82 of the packet of privileged documents). Defense counsel shall forward the missing pages to the undersigned for

---

[1] The aforementioned discussion of the elements of the privilege log came from the following cases: *Allendale Mut. Ins. Co. v. Bull Data Systems,* 145 F.R.D. 84, 88 (N.D. Ill. 1992); *Smith v. Logansport Community School Corp.,* 139 F.R.D. 637, 648-49(N.D. Ind. 1991). Defendant's are also urged to consult *In re Vioxx Products Liability Litigation*, 501 F. Supp.2d 789, 795-807, 2007 WL 2309877, (E.D. La. 2007), for an excellent discussion of privilege logs.

an *in camera* review, and shall highlight in yellow or blue the redactions as indicated above. The redactions and missing pages shall be disclosed in the amended privilege log.

4. Defense counsel has retained an expert, Kenneth M. Adams, Ph.D. Defense counsel shall fully disclose to Plaintiff all medical records or other information considered by the expert in forming his opinion.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

Date: May 19, 2008                                             s/Steven D. Pepe
Ann Arbor, Michigan                                  United States Magistrate Judge

**CERTIFICATE OF SERVICE**

3

I hereby certify that a copy of the foregoing ***Order*** was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 19, 2008.

s/ A. Greer
Case Manager to Magistrate
Judge Steven D. Pepe
(734) 741-2298